UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA RAYMOND, on behalf of A.B.R., a minor child,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner of the Social Security Administration,<br><br>   Defendant. | No. 1:16-cv-3056-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

  Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 (Plaintiff) and 14 (Defendant). The Court also considered Plaintiff's reply, ECF No. 15, and the administrative record as a whole, ECF No. 9. No oral argument was held on the matter. For the reasons below, the Court **GRANTS** Plaintiff's motion for summary judgment, **DENIES** Defendant's motion for summary judgment, **REVERSES** the ALJ, and **REMANDS** the case for an award of benefits.

//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 1**

## JURISDICTION

On August 9, 2012, Plaintiff filed an application for disabled child supplemental security income (SSIDC, 42 U.S.C. § 1383(c)(3)) on behalf of her minor child, ABR. Plaintiff alleges an onset date of October 29, 2001.

A hearing was held on the matter before an Administrative Law Judge ("ALJ") in Seattle, Washington on September 11, 2014. On November 21, 2014, the ALJ issued an opinion concluding that ABR had severe impairments including attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder ("ODD"), and autism, but that none of these impairments met the qualifications of a listing. The Appeals Council denied review, causing the ALJ's opinion to become the final decision of the Commissioner of the Social Security Administration. Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on April 18, 2016. The matter is before this Court under 42 U.S.C. § 405(g).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Administration uses a three step sequential process to determine whether a child is disabled for purposes of collecting SSIDC. First, an ALJ determines whether the child is engaged in significant gainful activity. The ALJ found here that ABR was not engaged in such activity. Next, the ALJ determines whether the child has severe impairments, and here, the ALJ concluded that ABR suffers from ADHD, ODD, and autism. Finally, the ALJ concludes whether the child's impairments meet the requirements of the available listings. *See* 20 C.F.R. §§ 416.924(d) & 416.926(a); SSR 09-2p. Here, the ALJ concluded that ABR did not meet a listing.

//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 2**

## STANDARD OF REVIEW

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec. of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## STATEMENT OF FACTS

Because the Court's decision is based on the administrative record, only the most pertinent facts are related here. The minor child at issue, ABR, was born on October 29, 2001. At the time of the ALJ hearing in 2014, ABR was 13 years old, living with her mother and sisters, and entering middle school. She was diagnosed

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 3**

with autism at age nine. She carries generally good grades, though she still exhibits symptoms.

ABR began middle school at Grandview School District in February 2007, while continuing to receive occupational therapy and behavioral therapy. By May 2007 her teacher gave her the highest rating in 3 diagnostic criteria for Inattention under the DSM-IV. ABR's mother gave her the highest rating in 6 inattention criteria and 7 hyperactivity/impulsivity criteria.

From January 2010 to May 2010, ABR periodically visited Dr. Moataz El Refaie for appointments; she displayed instances of hyperactivity, anger, violence, and bed-wetting, though she demonstrated some improvement. She was assigned a GAF score of 50. She was reevaluated in May 2010 by Dr. Patrick Walsh, who found she did well academically, but could lose focus if not taking medication.

When school let out and the family moved to a new house in the summer of 2010, ABR apparently lost some progress: she began suffering meltdowns and became combative, though the situation improved by September when she began school again. Through April 2011 there was little change (or even slight improvements) in her behavior, though her GAF score did not change.

ABR was diagnosed with autism in May 2011 at age nine by Dr. Diane Liebe. Around the same time, ABR's mother rated her high for aggressiveness, anxiety/depression, thought problems, attention problems, and rule-breaking. Dr. Liebe rated ABR in the "autism" range for communication and reciprocal social interactions, eventually qualify for seven out of twelve diagnostic criteria.

A behavioral therapist, Terry Allen, who had worked with ABR since the age of two, evaluated ABR's mental health through December 1, 2011. He assigned a GAF score of 45-50. In domain one, Allen found ABR had an impaired ability to comprehend and apply knowledge, and that she was markedly impaired in her ability to decipher and use social information. In domain two, he found that ABR can only focus on tasks when medicated. In domain three, he concluded

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 4**

ABR had a markedly impaired ability to navigate social situations. In domain five, he pointed out that ABR has limited hygienic functioning.

Dr. El Refaie was replaced by Dr. George Petzinger in August 2012, and Heather Judkins, a school counselor, filed out a report in September 2012. ABR suffered a relapse in some behavioral categories. Her GAF score dropped to 45 by April 2013.

A neighbor, Virginia Chandler, filled a report as well, rating ABR as marked in domains one and three, and extreme in two, four, five, and six. Dr. Petzinger evaluated ABR's situation in May 2013. He found marked limitations in domain three, and found marked limitations in domains two and five without adequate adult support.

## ISSUES FOR REVIEW

The parties style the issues for review in this case as follows:

1. Whether the ALJ provided clear and convincing reasons for discrediting the claimant;

2. Whether the ALJ properly considered medical opinions;

3. Whether the ALJ properly considered the opinion of Virginia Chandler; and

4. Whether the ALJ properly concluded Plaintiff is not disabled under the functional equivalence domains.

## DISCUSSION

1. *Whether the ALJ Provided Clear and Convincing Reasons for Discrediting the Claimant*. Where medical information is presented through testimony,

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 5**

> The ALJ conducts a two-step analysis to assess subjective testimony where, under step one, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of symptom. If the claimant meets this threshold and there is no affirmative evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal quotations removed). The Plaintiff herself, ABR, did not testify, and instead presented testimony, evidence, and medical records from various medical professionals, school personnel, and lay witnesses.

The ALJ relied heavily on Dr. Grossman's testimony in reaching the decision on appeal here, and placed minor weight on a treating medical professional, and ignored the opinions of two treating physicians and a lay witness. As discussed below in section two, this structuring of the record was legal error, and when properly considered, Dr. Grossman's opinion is left without substantial evidence in the record as support. The proper opinions of the other witnesses makes the case clearer: ABR's good grades at school only dispel consideration of one domain for a disability determination (domain one); her social abilities are limited; and no sufficiently specific, clear, or convincing reasons are left.

2. *Whether the ALJ Properly Considered Medical Opinions.* A treating doctor's opinion is owed more weight than that of an examining doctor, and an examining doctor is owed more weight than a non-examining doctor. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The contradicted opinion of a treating

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 6**

doctor may only be rejected when the decision below describes "specific and legitimate reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Dr. El Refaei and Dr. Liebe are treating physicians, and Defendant concedes that the "decision did not specifically mention" their opinions. It is true that the commissioner's decision does not need to "discuss every piece of evidence," *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003), but the failure to account for treating physician opinion is serious, especially when they contain more than mere GAF score assessments. As Plaintiff points out, the opinions of these doctors form the bulk of the medical record for several years of Plaintiff's life.

By refusing to consider treating physicians, the ALJ necessarily refused to conduct a credibility evaluation, which is identical to the absence of specific evidence upholding the ALJ's decision. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1988). This is clear, and potentially reversible, error. *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir. 1988) ("[T]he ALJ erred by not giving specific reasons for disregarding the opinion of a treating physician."). By refusing to consider the opinion of these physicians, the ALJ also excluded a large part of the proper medical record. Because these records provide evidence of the issues at contest for a determination of disability, the error was harmful. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

The question becomes, then, whether the administrative record, which should properly contain the opinions of Dr. El Refaei and Dr. Liebe, allows for a finding of disability. If the record is incomplete and non-dispositive, remand for further proceedings is appropriate. *Cotton v. Bowen*, 199 F.2d 1403, 1409 (9th Cir. 1986). If the properly-constituted record allows a dispositive finding of disability, the proper course is to either affirm the ALJ's opinion if Plaintiff is not disabled,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 7**

or reverse the ALJ and order the payment of benefits if Plaintiff is disabled. *Gallant v. Heckler*, 753 F.2d 1450, 1457 (9th Cir. 1984).

  Once the opinions of Dr. Liebe, Dr. El Refaei, and Ms. Chandler are properly reviewed, the bulk of the record shifts considerably. There is more, and heavier, evidence weighing against the findings of non-examining consultants Dr. Grossman, Dr. Fitterer, Dr. Makari, and Dr. Borton, such that "substantial evidence" in the record no longer supports his finding against disability. In particular, once the full record is properly balanced, the testimony of Dr. Petzinger and Terri Allen are properly accorded greater weight and credibility. Though "appropriate circumstances," SSR 96-6p, can allow non-examining state consultants to outweigh the opinion of multiple treating physicians, these circumstances as described by the Social Security Administration are not present here. *See id.*, 1996 WL 374180, at *3 (non-examining consultant's opinion may be credited more than treating physician if the "consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source").

  Dr. Petzinger's opinion is largely consistent with the properly considered record. He reports on and corroborates a long history of ABR's strife within her family, near-constant struggles in the morning and evening, and trouble at school. The Court is particularly concerned over the conclusion that a child's academic performance is outcome determinative to a disability finding. The ability to thrive in society depends on much more than the rote collection on facts; ABR has presented difficulty with synthesizing and applying facts to her everyday life. TR 391. The fact that ABR has some number of friends doesn't erase the overwhelming conclusion of most people associated with her life that she has marked trouble connecting with others.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 8**

Dr. Petzinger found a marked impairment in domain 2 when ABR does not have significant adult support. He also found a marked impairment in relating with others, domain three. He found a marked impairment in domain five, self-care. The weight of the evidentiary record supports these conclusions.

The ALJ also accorded little weight to the opinion of Terri Allen, a treating medical professional, for the stated "germane reason" that her opinion went against the weight of the evidence. However, as discussed above, the record radically changes when the improperly excluded evidence of Ms. Chandler, Dr. Liebe, and Dr. El Refaei are included. Indeed, Allen's opinion becomes the guiding paradigm for this case. Allen is familiar with ABR, and has treated her for years. Allen confirms that ABR still requires help with hygiene, resists her mother's commands, and has trouble forming social connections at school. These tendencies are well-supported by the record. Allen found ABR suffers from a marked impairment in her ability to navigate social situations, domain three. Allen also concluded that ABR has a marked inability to decipher and use social information, and a marked inability in domain five, self-care. As described below, once all of the proper medical information is considered and the medical evidence is properly weighed, the Court must conclude that ABR is disabled for purposes of Social Security benefits.

3. *Whether the ALJ Properly Considered the Opinion of Virginia Chandler*. A lay witness' testimony must be considered unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing do." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Such an error is harmless if no reasonable ALJ could reach a different disability determination after crediting the testimony of the lay witness as true. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 9**

The ALJ's opinion does not discuss Ms. Chandler's testimony at all, and by default cannot present germane reasoning for ignoring it. It is not enough that Ms. Chandler's testimony only regarded symptoms, *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), because a lay witness can provide helpful evidence on "severity and functioning." SSR 06-3p. Thus it was error not to consider the opinion.

A reasonable ALJ could find Plaintiff disabled if Ms. Chandler's opinion was credited. Ms. Chandler made detailed assessments of Plaintiff's limitations and the severity of those limitations, basing them off of the domain system used to determine disability for autistic minors. Thus, the error was not harmless, and Ms. Chandler's opinion must be credited.

4. *Whether the ALJ properly concluded Plaintiff is not disabled under the functional equivalence domains*. When determining whether a minor's autism-related impairments meets the equivalent of a listing, six domains are considered: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him- or herself; and (6) health and physical wellbeing. 20 C.F.R. § 416.9292a. For a listing to be met, the minor must suffer from a marked limitation in two domains, or an extreme limitation in one domain.

The Court now reviews the contested domains (two, three, and five) with the proper opinions credited. In domain two, the Court concludes that it was error not to find a marked limitation. ABR is unable to dress or do homework without guidance, TR 183, and frequently refuses to interact with tasks and the world at all, TR 28, 287-89. She is incapable of taking medication alone. The weight of evidence indicates that ABR's limitations interfere with her ability to complete basic tasks. 20 C.F.R. § 416.92a(h).

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 10**

The conclusion that ABR does not have a marked limitation in domain three is error. The third evaluates a minor's ability to create and manage emotional connections, work with others, withstand criticism, and respect the possessions and boundaries of others. 20 C.F.R. § 416.926a(i). Though ABR has a few close friends, the bulk of evidence indicates she struggles in everyday conversation and social interaction. Low GAF scores in the 40s and 50s, while not dispositive, are indicative, and provide a quantitative assessment of her lack of reciprocal social interaction, her difficulty in communicating, her avoidant and dismissive nature, inability to withstand criticism, her demonstrated lack of respect of physical boundaries as evidenced by striking and hitting others, and problems with interpreting facial expressions. TR 48-49, 169, 215, 264, 391, 394, 407, 428-29.

Finally, it was error to conclude that ABR was not marked limited in domain five. This domain evaluates a child's ability to maintain regular emotional and physical states, take care of his or her own needs and wants, deal with stress, and care for him- or herself. The record is abundantly and particularly clear that ABR has at least a marked, and possibly an extreme, limitation in this domain. Unlike most children her age, ABR is unable to bathe and dress herself, or even eat, without supervision. She frequently suffers from enuresis, and demonstrates extreme behavior when her regular patterns are disrupted. TR 183, 287-89, 296-97, 388, 410-11.

## CONCLUSION

The ALJ did not properly consider the opinions of two treating physicians, a treating medical professional, and a lay witness. Once these excluded opinions are incorporated into the evidentiary record, it becomes clear that there was legal error in determining Plaintiff is not disabled. Because ABR suffers from marked limitations in domains two, three, and five, she is disabled under 20 C.F.R. § 416.9292a, and shall be awarded SSIC benefits.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 11**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

3. The decision of the Commissioner denying benefits is **REVERSED** and the case is **REMANDED** for a determination of benefits.

4. The District Court Executive is directed to **ENTER** a judgment in favor of Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **CLOSE** the file.

**DATED** this 27th day of January, 2017.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY . . . ^ 12**